UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA COMMERCIAL INVESTMENT GROUP, INC.,<br><br>Plaintiff,<br><br>v.<br><br>DEBRA BEDFORD,<br><br>Defendant. | No. 2:24-cv-03137-DAD-JDP (UD) (PS)<br><br>ORDER *SUA SPONTE* REMANDING CASE TO THE SACRAMENTO COUNTY SUPERIOR COURT AND DENYING MOTION TO PROCEED *IN FORMA PAUPERIS* AS MOOT<br><br>(Doc. No. 2) |

This is an unlawful detainer action brought under California state law by plaintiff California Commercial Investment Group, Inc. On November 13, 2024, defendant, proceeding *pro se*, removed this case to this federal court from the Sacramento County Superior Court and filed a motion to proceed *in forma pauperis*. (Doc. Nos. 1, 2.)

A district court has "a duty to establish subject matter jurisdiction over the removed action *sua sponte*, whether the parties raised the issue or not." *United Investors Life Ins. Co. v. Waddell & Reed, Inc.*, 360 F.3d 960, 967 (9th Cir. 2004). The removal statute, 28 U.S.C. § 1441, is strictly construed against removal jurisdiction. *Geographic Expeditions, Inc. v. Estate of Lhotka*, 599 F.3d 1102, 1107 (9th Cir. 2010). It is presumed that a case lies outside the limited jurisdiction of the federal courts, and the burden of establishing the contrary rests upon the party asserting jurisdiction. *Geographic Expeditions*, 599 F.3d at 1106–07. In addition, "the existence

1

of federal jurisdiction depends solely on the plaintiff's claims for relief and not on anticipated defenses to those claims." *ARCO Envtl. Remediation, LLC v. Dep't of Health & Envtl. Quality*, 213 F.3d 1108, 1113 (9th Cir. 2000). "The strong presumption against removal jurisdiction" means that "the court resolves all ambiguity in favor of remand to state court." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009). That is, federal jurisdiction over a removed case "must be rejected if there is any doubt as to the right of removal in the first instance." *Geographic Expeditions*, 599 F.3d at 1107. "If at any time prior to judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); *Gibson v. Chrysler Corp.*, 261 F.3d 927, 932 (9th Cir. 2001). Remand under 28 U.S.C. § 1447(c) "is mandatory, not discretionary." *Bruns v. NCUA*, 122 F.3d 1251, 1257 (9th Cir. 1997); *see also California ex. rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004). Where it appears, as it does here, that the district court lacks subject matter jurisdiction over a removed case, "the case shall be remanded." 28 U.S.C. § 1447(c).

"The presence or absence of federal question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *California v. United States*, 215 F.3d 1005, 1014 (9th Cir. 2000); *see also Dynegy*, 375 F.3d at 838. Under the well-pleaded complaint rule, courts look to what "necessarily appears in the plaintiff's statement of his own claim in the bill or declaration, unaided by anything in anticipation of avoidance of defenses which it is thought the defendant may interpose." *California*, 215 F.3d at 1014. Accordingly, "a case may not be removed on the basis of a federal defense . . . even if the defense is anticipated in the plaintiff's complaint and both parties concede that the federal defense is the only question truly at issue." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987); *see also Vaden v. Discover Bank*, 556 U.S. 49, 70 (2009) ("It does not suffice to show that a federal question lurks somewhere inside the parties' controversy, or that a defense or counterclaim would arise under federal law.").

Here, defendant has not shown that removal of this action to this federal court is appropriate. Defendant invokes the statute governing removal of cases involving the denial of a

1  plaintiff's civil rights, 28 U.S.C. § 1443.  (*See* Doc. No. 1 at 2.)  However, plaintiff brings a
2  single, straightforward unlawful detainer claim against defendants, which is a matter purely of
3  state law.  *See, e.g., Wells Fargo Bank NA v. Zimmerman*, No. 2:15-cv-08268-CAS-RW, 2015
4  WL 6948576, at *3 (C.D. Cal. Nov. 10, 2015) (collecting cases in which courts remanded the
5  matter back to state court where the only claim alleged was an unlawful detainer action).  Further,
6  defendant cannot "invoke a potential defense to the unlawful detainer action sounding in a civil
7  rights claim based on racial discrimination" or disability discrimination to establish federal
8  question jurisdiction.  *TC Miramonte 1 LLC v. McNair*, No. 2:24-cv-01409-DJC-CSK, 2024 WL
9  2292783, at *2 (E.D. Cal. May 21, 2024) (citing *Caterpillar, Inc*., 482 U.S. at 392).  Therefore,
10 defendant has failed to establish federal question jurisdiction.

11       Further, even though defendant does not invoke diversity jurisdiction, it is clear that this
12 case does not meet the amount-in-controversy requirement of $75,000.  *See Canela v. Costco*
13 *Wholesale Corp*., 971 F.3d 845, 849 (9th Cir. 2020) (citing 28 U.S.C. § 1332(a)).  As an initial
14 matter, the Sacramento County Superior Court complaint states that the case is a limited action
15 that does not exceed $10,000.  (*See* Doc. No. 1 at 10.)  In determining the amount in controversy,
16 courts first look to the complaint.  *Ibarra v. Manheim Inv., Inc*., 775 F.3d 1193, 1197 (9th Cir.
17 2015).  Here, plaintiff's complaint seeks the award of approximately $5,800 plus "reasonable
18 attorney fees."[1]  (Doc. No. 1 at 35.)  Generally, "the sum claimed by the plaintiff controls if the
19 claim is apparently made in good faith."  *Ibarra,* 775 F.3d at 1197 (quoting *St. Paul Mercury*
20 *Indem. Co. v. Red Cab Co*., 303 U.S. 283, 289 (1938)).  Defendant has not argued that plaintiff's
21 damage allegation was not made in good faith and has failed to establish by a preponderance of
22 the evidence that the amount in controversy actually exceeded the jurisdictional threshold at the
23 time of removal.  *See Canela*, 971 F.3d at 849 (quoting *Sanchez v. Monumental Life Ins. Co*., 102
24 F.3d 398, 404 (9th Cir. 1996)).  The court thus concludes that defendant has not alleged the
25 minimum amount-in-controversy required to establish diversity jurisdiction either.  *See Canela*,
26 971 F.3d at 850.

---

[1] Plaintiff's complaint seeks past-due rent of $4,317.00 and damages at the rate of $31.40 per day since October 1, 2024.  (Doc. No. 1 at 34–35.)

3

Accordingly,

1. This action is remanded forthwith to the Sacramento County Superior Court, pursuant to 28 U.S.C. § 1447(c), for lack of subject matter jurisdiction;

2. Defendant's motion to proceed *in forma pauperis* (Doc. No. 2) is denied as having been rendered moot by this order; and

3. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: **November 15, 2024**

*Dale A. Drozd*
DALE A. DROZD
UNITED STATES DISTRICT JUDGE

4